## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2014

Lyle W. Cayce
Clerk

No. 13-30793
Summary Calendar

JAMES TYLER,

Plaintiff-Appellee

v.

JIMMY SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-222

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Tyler, Louisiana prisoner # 372199, filed and subsequently amended a 42 U.S.C. § 1983 lawsuit against three officials of the Louisiana State Penitentiary. The relevant portion of the complaint was that Colonel Jimmy Smith used excessive force by sadistically and maliciously spraying Tyler with mace while he was locked in his cell because Tyler had written a letter complaining about prison personnel. Smith moved for summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30793

judgment, asserting qualified immunity among other things.  The district court denied the motion finding that Tyler's verified complaint and summary-judgment affidavits established a genuine issue of material fact "regarding whether [Tyler] sustained an injury, the need for the application of force, the relationship between the need and use of force, the threat perceived by [Smith] and efforts made to temper the severity of the response."

Smith appeals the denial of his summary judgment motion based on qualified immunity.  The denial of summary judgment based upon qualified immunity is a collateral order that may be an appealable final decision. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  However, the court's jurisdiction to review the denial is "significantly limited," extending to questions of law only.  *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc).

When prison officials stand accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Smith concedes that he released mace into Tyler's cell, but he argues that there is no evidence other than Tyler's allegations that he acted with a culpable state of mind.  This argument is directed to the truth of the verified allegations made by Tyler that Smith acted without provocation and with malicious intent.  *See Kinney*, 367 F.3d at 346.  Accordingly, the court does not have jurisdiction to review the district court's conclusion that there was a genuine factual dispute whether Smith used excessive force.

Tyler's motion to dismiss the appeal or, alternatively, stay the proceedings because Smith did not comply with Federal Rule of Appellate Procedure 10 is DENIED.

APPEAL DISMISSED; MOTION DENIED.

2